UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DENNIS A. ORR,<br><br>        Plaintiff,<br><br>v.<br><br>WARDEN at C.C.A. PHILLIP VALDEZ, and MEDICAL DOCTOR at C.C.A. KLINT STANDER,<br><br>        Defendants. | Case No. 1:10-cv-0034-S-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

      Several motions are currently pending before the Court in this prisoner civil rights matter. In the interests of avoiding additional delay, the Court shall resolve these motions on the written record without oral argument. D. Idaho L. Civil R. 7.1(d).

## BACKGROUND

      Plaintiff is incarcerated at the Idaho Correctional Center (ICC). He claims that prison employees and officials have been deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment. The Court conducted an initial review of Plaintiff's Amended Complaint, and allowed him to proceed against Dr. Klint Stander and Warden Phillip Valdez. The Court dismissed other defendants and

**MEMORANDUM DECISION AND ORDER - 1**

claims.[1] (Dkt. 19, pp. 4-5.)

Defendants have filed an Answer, and the Court has issued a Scheduling Order. Currently pending are Plaintiff's motions for the appointment of counsel and expert assistance, and Plaintiff's motions related to discovery matters. Defendants have also filed a motion to strike an affidavit submitted by Plaintiff.

## MOTION TO APPOINT COUNSEL

The Court previously denied Plaintiff's request for the appointment of counsel. (Dkt. 8, p. 12.) He has now renewed that request.

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986). In civil cases, counsel should be appointed only in "extraordinary cases." *Id.* at 1330. To determine whether extraordinary circumstances exist, the court should evaluate the likelihood of success on the merits of the case, and the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).

Applying the factors to this case, the Court reaffirms its conclusion that Plaintiff has articulated his claims sufficiently, the legal issues are not complex in this matter, and

---

[1] Plaintiff's request to dismiss a claim based on a failure to treat his enlarged heart will be granted. (Dkt. 30.)

**MEMORANDUM DECISION AND ORDER - 2**

the likelihood of success on the merits is, at best, unclear at this juncture. If it is appropriate at a later date in this litigation, the Court will reconsider appointing counsel on its own motion.[2]

## MOTION FOR THE APPOINTMENT OF AN EXPERT

Plaintiff has also requested that the Court appoint an expert to assist him in presenting his claims. (Dkt. 28.) The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants. Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in pro se cases. *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995); *Malik v. LaVelley*, 994 F.2d 90 (2d Cir. 1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (noting that an inmate's dilemma in being unable to proceed with suit because of inability to pay for expert witness was no different than that of non-prisoner claimants who face similar problems).

A federal court *may* appoint an expert witness under Federal Rule of Evidence 706(a), with the expert's fees to be allocated among the parties "in such proportion and at such time as the court directs." Fed. R. Evid. 706(b). Under this rule, experts are properly appointed where complex scientific issues are involved, such as determining what the concentration levels of environmental tobacco smoke (ETS) are in a prison and

---

[2] Plaintiff should be aware that a federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.*

**MEMORANDUM DECISION AND ORDER - 3**

determining the health effects of ETS on nonsmoking prisoners. *McKinney v. Anderson*, 924 F.2d 1500 (9th Cir. 1991), *vacated on other grounds by Heiling v. McKinney*, 502 U.S. 903 (1991). However, courts have recognized that "[r]easonably construed, Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *See, e.g., Gamez v. Gonzalez*, 2010 WL 2228427, *1 (E.D.Cal. June 3, 2010) (internal quotations, punctuation and citations omitted). In other words, the principal purpose of a court-appointed expert is to assist the trier of fact from a position of neutrality, not to serve as an advocate.

At issue in this matter is whether prison medical staff were deliberately indifferent to Plaintiff's back, leg, and knee pain and other medical problems. The issue of deliberate indifference regarding these medical issues is not so complicated and difficult that an expert is required to present or prove the case. Moreover, the facts at issue in this matter are not scientifically complex like the facts at issue in *McKinney*. The Court will not appoint a Rule 706 expert witness.

Nothing prevents a party from obtaining his own expert witness at his own cost to aid him in his case. Fed. R. Evid. 706(d). Plaintiff is free to obtain an outside expert opinion to support his case at his own expense or on a contingency basis without a court order.

**MEMORANDUM DECISION AND ORDER - 4**

# DISCOVERY MOTIONS

Next, Plaintiff brings two discovery motions, one a motion to compel and the other a motion for the Court to issue subpoenas. With the limited exception that the Court will order Defendants to make arrangements to show Plaintiff his x-rays or other medical imaging, if he still wishes to see them, these motions will be denied.

### 1.      General Standards Governing Discovery

Federal Rule of Civil Procedure 26(b) allows "[p]arties [to] obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." The term "relevant" is further defined as information that is "reasonably calculated to lead to the discovery of admissible evidence," and it "need not be admissible at the trial." Fed. R. Civ. P. 26(b)(1).

Although relevance has a broad meaning, district courts are given wide discretion to apply the discovery rules in a way that will achieve the policy of the Federal Rules of Civil Procedure; namely, to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### 2.      Motion to Compel

In this motion, Plaintiff requests an order from the Court requiring Defendants to disclose the names and addresses of three former employees, copies of Plaintiff's x-rays, and a book or pamphlet titled, "Standards of Health Care for Prisons." (Dkt. 24, pp. 2-3.) Based on information provided by Plaintiff and Defendants in later filings, it appears that Plaintiff has since obtained the employees names and addresses and that Defendants have

**MEMORANDUM DECISION AND ORDER - 5**

sent him a copy of the book. (Motion for Subpoenas, Dkt. 29; Dkt. 25, p. 6.) As a result, Plaintiff's motion as to these matters is moot.

With respect to production of the x-rays, Defendants assert that they have provided Plaintiff with a complete copy of his medical records, including all x-ray reports, but have declined to provide Plaintiff with his own copy of the original film because it would be cost prohibitive to reproduce. (Dkt. 25, pp. 4-5.) Defendants have also offered to make the x-rays available for inspection if Plaintiff is able to secure an expert to review them. (*Id.*)

The Court agrees with Defendants that producing separate copies of x-rays or MRIs (if they exist) is unnecessary, particularly because Plaintiff has been given medical records that apparently include the relevant reports. To the extent that Plaintiff seeks his own copies, then, the Court will deny his motion. But the Court will order Defendants to make arrangements to show Plaintiff the x-ray or MRI film at a mutually convenient time, at Plaintiff's option, without requiring the production of copies for his personal records.

2. **Motion for Subpoenas**

Plaintiff next requests that the Court issue subpoenas for five non-party witnesses. (Dkt. 29.) Three of these individuals are former employees at ICC and two are physicians who have treated Plaintiff.[3] (Dkt. 29, pp. 1-2.) To the extent that Plaintiff wishes to subpoena the individuals to be witnesses at a jury trial, his request is premature. The

---

[3] Plaintiff has withdrawn his request to subpoena Dr. Jorgenson, a non-treating physician, as an expert witness. (Dkt. 38, p. 1.)

**MEMORANDUM DECISION AND ORDER - 6**

dispositive motions deadline has not yet passed, and Defendants indicate that they intend to file a dispositive motion.

Plaintiff also states that he wants to depose these non-party witnesses as part of the discovery process, but he concedes that he cannot afford the cost of oral depositions and can only get the witnesses to testify under oath by deposing them through written questions. (Dkt. 29, p.1; Dkt. 38, p. 2.) While Rule 31 of the Federal Rules of Civil Procedure authorizes the taking of a deposition by written questions, the party noticing the deposition is required to give questions to an "officer," as that term is defined in Rule 28(a), who will then take the deponent's responses to the questions, certify them, and send them to the noticing party. Fed. R. Civil P. 30(b)(5); Fed. R. Civil P. 31(b). Plaintiff has not shown that he has arranged for a deposition officer to complete these tasks, and Defendants have not indicated that they are willing to stipulate that plaintiff may depose the individuals in some manner not requiring the participation of an officer.

Moreover, indigent status does not waive payment of the costs and fees associated with discovery, such as the costs and fees for non-parties to respond to subpoenas and to participate in depositions. *See, e.g., Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989).

## DEFENDANTS' MOTION TO STRIKE

Defendants ask the Court to strike an affidavit from the record that Plaintiff submitted at the same time that he filed his motions for counsel, an expert, and subpoenas. It is not clear whether Plaintiff intended for the affidavit to support any of those motions or whether he intended for it to support or amend claims in the Amended

**MEMORANDUM DECISION AND ORDER - 7**

Complaint. If it is the latter, it is not authorized by relevant rules and procedures, and it will not be considered, but the Court will not order the affidavit to be stricken from the record.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Compel Discovery (Dkt. 24) is DENIED, but Defendants shall make arrangements for Plaintiff to view x-ray or MRI film or images in their possession at a convenient time at the prison, if Plaintiff wishes to view them, without producing copies for his personal records.

2. Plaintiff's Motion to Appoint Counsel (Dkt. 26) is DENIED without prejudice.

3. Plaintiff's Motion to Appoint Expert Witness (Dkt. 28) is DENIED without prejudice.

4. Plaintiff's Motion for Subpoenas (Dkt. 29) is DENIED. Insofar as it pertains to subpoenaing witnesses for trial, it is denied without prejudice as premature.

5. Plaintiff's Motion to Dismiss Claim of Enlarged Heart (Dkt. 30) is GRANTED.

6. Defendants' Motion to Strike Affidavit of Dennis A. Orr (Dkt. 34) is DENIED.

7. In light of the Court's rulings on these matters, the dispositive motions

**MEMORANDUM DECISION AND ORDER - 8**

deadline contained in the Court's Scheduling Order (Dkt. 23) shall be extended to December 1, 2011.

DATED: **November 1, 2011**

~~Honor~~able Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 9**